Inocencio Sanchez **HUERTA** a/k/a Inocencio "Frank" Huerta, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–85–360–CR.

Court of Appeals of Texas, Corpus Christi.

April 17, 1986.

Horacio Barrera, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellant challenges an order revoking his probation. He contends that the evidence is insufficient because his oral statement to the police was made while he was

in effective detention and, therefore, the statement and all fruits thereof, including appellant's later confession, were inadmissible. We affirm.

Appellant's probation was revoked on the basis of his violation of the condition that prohibits his violating any penal law of the State of Texas. The trial court found by a preponderance of the evidence that appellant had attempted to murder Adrian Villarreal by shooting at him with a firearm.

This incident occurred after Adrian Villarreal pulled up to a stop sign at which appellant and Pete Gonzalez were double-parked next to a car with two girls in it. Mr. Villarreal honked his horn then got out of his car and walked up between the two parked cars. Mr. Villarreal testified to the following: that one of the girls told him to go around and that he replied, "okay" and "take it easy" as he walked away; then Pete Gonzalez got out of the driver's side of the car and pointed a gun at Villarreal who knocked it out of his hands; Gonzalez picked up the gun and returned to the car; moments later shots rang out from inside the car and hit Villarreal; Gonzalez and appellant drove away and Villarreal drove to the hospital. Villarreal was questioned by police at the hospital.

The record shows that after Mr. Villarreal had been shot, the police asked appellant's mother to have appellant contact them. Appellant went to the police station, unaccompanied by police, of his own free will. After being read his *Miranda* warnings, the appellant talked with police about the incident implicating Pete Gonzalez and then left the police station.

Based on appellant's *non-inculpatory* oral statement, Pete Gonzalez was arrested and the gun was recovered from Gonzalez's car. Further investigation, including statements from Gonzalez and the two girls from the other car, resulted in appellant's arrest three weeks after the shooting. One week after his arrest appellant confessed to the shooting. That written confession was introduced into evidence at the hearing. Appellant contends that because it

was the result of the tainted oral statement, it was inadmissible as well.

■ "The best available framework for cases involving taint attenuation and determining whether a confession is to be excluded as fruit of an illegal arrest" was set forth in *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). *Bell v. State,* 707 S.W.2d 52 No. 68,989 (Tex. Crim.App. March 19, 1986) (not yet reported); *Gregg v. State,* 667 S.W.2d 125 (Tex. Crim.App.1984). The four factors to consider are: 1) the giving of *Miranda* warnings; 2) the temporal proximity of the arrest and confession; 3) the presence of intervening circumstances; and 4) the purpose and flagrancy of the official misconduct. *Brown v. Illinois,* supra.

■ If appellant had been "in effective detention" as he claims, so as to constitute a "seizure" of his person in contravention of the Fourth Amendment, the amount of time and intervening circumstances between his "seizure" and ultimate confession lessens the effect of his "seizure" on his confession. However, appellant was not under arrest or in custody at the time he gave his oral statement. His freedom of movement was not restrained; a reasonable man under the circumstances would have felt free to go. *See United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Appellant was not coerced, forced or threatened, but gave his statement voluntarily. *See Sutton v. State,* 644 S.W.2d 506 (Tex.App.—Eastland 1982, pet. ref'd). A non-custodial, voluntary, oral statement is admissible at trial. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 5 (Vernon 1979).

In *Shiflet v. State,* No. 812–82 (Tex.Crim. App. October 9, 1985) (not yet reported), the Court of Criminal Appeals, addressing this same situation, stated that if courts "find that at the time appellant made his oral admission to the officers he was not in custody, and also find that his oral admission was given freely, voluntarily and without compulsion or persuasion, then [the Court] will hold that it was admissible, and not inadmissible evidence." We hold that because appellant

was not in custody and gave the statement voluntarily, the oral statement was admissible evidence. Because the statement was admissible, neither appellant's subsequent arrest nor his later confession can be said to have been tainted by admission of the oral statement.

■ Appellant argues that even if the oral statement and the confession are admissible, the State has still failed to prove every element of the offense by a preponderance of the evidence. Appellant contends that his confession raises the issue of self-defense, which negates the element of intent to ⟨ kill. Appellant's confession states, in pertinent part: "One of the guys came at me with something in his hand and started hitting me with it but it was not his hand. I got the pistol from Pete and shot at the guy two times.... Pete drove away after I shot the guy...." Adrian Villarreal, the shooting victim, testified that he had made no aggressive moves toward appellant and had carried nothing in his hands. Mr. Villarreal testified that he was shot as he was returning to his car. This testimony serves to rebut appellant's claim of self-defense.

We find the evidence sufficient to show that the trial court could have found by a preponderance of the evidence that appellant attempted to murder Adrian Villarreal by shooting at him with a firearm. We hold that the trial court did not abuse its discretion in revoking appellant's probation. Appellant's sole ground of error is overruled. The judgment of the trial court is AFFIRMED.